UNITED STATES, Appellee,

v.

Specialist Four Jan M. HARRIS, 548–90–5108, United States Army, Appellant.

ACMR 8702617.

U.S. Army Court of Military Review.

29 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain Mary C. Cantrell, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Mark E. Frye, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before COKER, KENNETT and DOGGETT *, Appellate Military Judges.

## OPINION OF THE COURT

DOGGETT, Judge:

Pursuant to mixed pleas, appellant was convicted by a military judge sitting as a general court-martial of attempted larceny, absence without leave, wrongful use of cocaine, forgery (ten specifications), and possession of a smoking device in violation of California state law, violations of Articles 80, 86, 112a, 123 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, 912a, 923, and 934, respectively (1982 and Supp. IV 1986) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for 30 months, total forfeitures, and reduction to Private E1.

Before this court, appellant contends that the military judge erred by accepting appellant's plea of guilty to possession of a cocaine smoking device (originally Specification 3, Charge VI, redesignated as Specification 2, Charge VI) at Fort Irwin, California, in violation of a California statute and the Assimilative Crimes Act, 18 U.S.C. § 13 (1982). Appellant asserts that we may not affirm her conviction under the Assimilative Crimes Act because the requisite federal jurisdiction over the situs of the crime was not addressed on the record. We agree.

■ When the government alleges an offense based on the third clause of Article 134, UCMJ, and the Assimilative Crimes Act, an essential element to be proven is that the offense occurred at a place subject to exclusive or concurrent federal legislative jurisdiction and thus within the "special maritime and territorial jurisdiction of the United States" as defined by 18 U.S.C. § 7. *United States v. Williams*, 17 M.J. 207, 211 (C.M.A.1984) (citation omitted); *United States v. Zupan*, 17 M.J. 1039 (A.C. M.R.1984).

[U]nless [the Assimilative Crimes Act] ... can be invoked, violation of a State statute does not of itself constitute a crime under Article 134 since offenses under state or foreign laws are not among the 'crimes and offenses not capital' made punishable by the [Uniform Code of Military Justice].

*United States v. Perry*, 12 M.J. 112, 113 (C.M.A.1981) (memorandum opinion and order); *see* Manual for Courts–Martial, United States, 1984, [hereinafter M.C.M., 1984], Part IV, para. 60c(4)(c)(ii).

■ In explaining to appellant the elements of the offense, the trial judge omitted any reference to exclusive or concurrent jurisdiction and, in fact, misstated the law, stating that, "pursuant to 18 USC, Section 13, such California offenses are assimilated on federal property, making it a federal crime to violate a California Code of [sic] federal property." It cannot be assumed that a military installation automatically comes within federal jurisdiction. The Assimilative Crimes Act cannot be invoked with respect to state crimes committed in places which, although government property, are not subject to exclusive or concurrent federal legislative jurisdiction. *United States v. Irvin*, 21 M.J. 184, 188 (C.M.A.1986) (citation omitted).

■ Appellant pled guilty to possession of a device used for smoking cocaine. The specification itself contained no allegation of the requisite jurisdiction. The prosecution failed to establish on the record that the United States had exclusive or concurrent jurisdiction over Fort Irwin. There was no stipulation of fact to clarify the issue, nor did the trial judge make any inquiry of either the prosecution or the defense counsel regarding subject matter jurisdiction.[1]

Based on the misstatement of law in this case and the lack of any mention on the record of jurisdiction, appellant's plea of guilty to possession of a device for smok-

---

* Judge DOGGETT took final action on this case prior to his release from active duty.

1. In this last regard, this case is distinguishable from *United States v. Kline*, 21 M.J. 366, 367 (C.M.A.1986), in that the judge in *Kline* determined, that either exclusive or concurrent jurisdiction existed over the situs of the crime, based upon the representation of trial counsel and the concurrence of the defense counsel.

ing cocaine was not provident. *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969).

We have considered the remaining assignment of error personally raised by appellant and find it to be without merit.

The finding of guilty of the specification redesignated as Specification 2 of Charge VI is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, and in accordance with the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms the sentence.

Senior Judge COKER and Judge KENNETT concur.