**UNITED STATES, Appellee,**

v.

**James H. DALLMAN, Major,
U.S. Army, Appellant.**

No. 66,651.

CM 8903075.

U.S. Court of Military Appeals.

Argued Jan. 9, 1992.

Decided June 17, 1992.

For Appellant: *Captain Edward T. Keable* (argued); *Colonel Robert B. Kirby,* and *Captain James M. Heaton* (on brief); *Major Michael J. Kelleher.*

For Appellee: *Captain Gregory T. Baldwin* (argued); *Colonel Dayton M. Cramer; Major Joseph C. Swetnam, Captain Timothy W. Lucas* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was tried by a military judge sitting as a general court-martial at Fort Stewart, Georgia. Pursuant to his pleas, he was convicted of 44 specifications alleging wrongful distribution of federally-controlled drugs, 3 specifications alleging conduct unbecoming an officer, and 3 specifications alleging wrongful distribution of a state-controlled drug, in violation of Articles 112a, 133, and 134, Uniform Code of Military Justice, 10 USC §§ 912a, 933, and 934, respectively. He was sentenced to dismissal from the service, confinement for 12 months, and forfeiture of $833 pay per month for 7 months. In accordance with the pretrial agreement, the convening authority approved only the dismissal and the forfeitures. The findings * and the approved sentence were affirmed by the Court of Military Review. 32 MJ 624 (1991).

We agree with the Court of Military Review that appellant's pleas of guilty to wrongfully distributing controlled drugs were provident and that wrongful use of

---

* The opinion below states that appellant was not informed "of the maximum punishment he faced as a result of his pleas of guilty." 32 MJ 624, 633 (1991). However, the record shows that appellant was told that "on your plea of guilty alone you could be sentenced to" confinement for 391 years. (R.25.)

prescription pads to permit unauthorized individuals to obtain medication was conduct unbecoming an officer. *Id.* at 627–30. But we also hold that appellant's pleas of guilty to conduct unbecoming an officer because of a dereliction of duty (specifications 1 and 3 of Charge I) and wrongful distribution of state-controlled drugs (specifications 7, 10, and 28 of Charge II) were improvident.

Appellant was Chief of the Psychiatry Clinic at Winn Army Hospital, Fort Stewart, Georgia. During his assignment to the hospital, appellant became acquainted with Kenneth Wynn, the operator of a snack bar at the hospital, and his assistant, Tammy Wheeler. Both Kenneth Wynn and Tammy Wheeler are civilians not entitled to military medical care.

Wynn, who suffered from blindness and partial paralysis of his legs, approached appellant about obtaining medication for a variety of medical ailments. Appellant knew that Wynn was not authorized military medical care but nevertheless elected to prescribe medication for him. During the providence inquiry, appellant stated that he made this decision because Wynn was "financially strapped," and he felt it was "the humane thing to do." On many occasions in the following months he continued to prescribe an excessive quantity of controlled drugs for Wynn without having performed a physical examination. Moreover, there are indications that Wynn may have taken these drugs and sold them or given them to friends. These drugs included Talwin for pain, Diazepam (Valium) for anxiety, Tega Tussin for coughing, Seconal–Secobarbital for insomnia, Elavil (Amitriptyline) for depression, Thioridazine, Dexedrine, and Placidyl. *See* 32 MJ at 626–27.

Appellant also treated Wheeler for insomnia by prescribing Seconal–Secobarbital. Appellant admitted that he knew that Wheeler was not entitled to medical care and that he failed to perform any examination to determine if she needed treatment. He admitted during the providence inquiry that he violated the punitive provisions of Army Regulation 600–50, Standards of Conduct for Department of Army Personnel (28 Jan. 88) (para. 2–4). He finally admitted that his derelictions and disobedience constituted dishonorable conduct under Article 133 of the Uniform Code of Military Justice. *See* 32 MJ at 627.

■ Appellant contends that specifications 1 and 3 of Charge I, alleging that he was derelict in the performance of his duties as a psychiatrist by negligently and willfully failing to perform examinations of Wynn and Wheeler, fail to state an offense. We agree. An essential element of any dereliction in performance of duties is that appellant "had certain duties." Para. 16b(3)(a), Part IV, Manual for Courts–Martial, United States, 1984. These duties "may be imposed by treaty, statute, regulation, lawful order, standard operating procedures, or custom of the service." Para. 16c(3)(a).

The judge's inquiry revealed a duty on appellant to perform a physical examination before prescribing drugs. In fact, regulations prohibited examination of either individual. The record indicates that the accused knew that neither was entitled to receive medical treatment at the Army hospital. Yet the judge's inquiry made it very clear that he perceived the basis for the Government's charge was the failure of appellant to conduct a physical examination. The only source of appellant's duty to examine Wynn and Wheeler was his personal decision to prescribe medication for them. We hold that violation of a self-imposed duty would not be a crime under Article 92 of the Code, so it is also not a violation of Article 133 or 134.

■ Appellant also asserts that his pleas of guilty to wrongful distribution of dangerous drugs in violation of a Georgia statute were improvident. We agree. Appellant is charged with three specifications of violating § 16–13–72 of the Official Code of Georgia Annotated as assimilated by the

Assimilative Crimes Act, 18 USC § 13(a). An "essential element" of such an offense is that the acts "occurred at a place subject to exclusive or concurrent federal legislative jurisdiction." *United States v. Harris*, 27 MJ 681, 682 (ACMR 1988); 18 USC §§ 7 and 13(a); *United States v. Jones*, 34 MJ 270 (CMA 1992); *United States v. Irvin*, 21 MJ 184, 186 (CMA 1986).

There was no statement by the judge that this was an element of the offense, probably because the specifications did not allege that Fort Gordon was subject to "exclusive or concurrent federal jurisdiction," as was done in *Jones*. The judge also did not inquire into the matter of jurisdiction, and counsel did not concede that there was jurisdiction or indicate that he had discussed the jurisdictional issue with his client. *United States v. Kline*, 21 MJ 366 (CMA 1986), is distinguishable because in that case the Government alleged jurisdiction and defense counsel conceded on the record that there was federal legislative jurisdiction.

The decision of the United States Army Court of Military Review as to specifications 1 and 3 of Charge I; specifications 7, 10, and 28 of Charge II; and the sentence is reversed. The findings of guilty thereon are set aside, and those specifications are dismissed. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for reassessment of the sentence based on the remaining findings of guilty.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.