UNITED STATES, Appellee,

v.

Don L. TANKSLEY, Jr., Sergeant
U.S. Army, Appellant.

No. 67,673.

CM 9001116.

U.S. Court of Military Appeals.

Argued Dec. 1, 1992.

Decided April 19, 1993.

For Appellant: *Captain Antonier L. White* (argued); *Lieutenant Colonel James H. Weise* and *Captain Mark L. Toole* (on brief); *Captain James M. Heaton.*

For Appellee: *Captain David G. Tobin* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Timothy W. Lucas, Captain Sheila E. McDonald* (on brief); *Lieutenant Colonel Daniel J. Dell'Orto* and *Major Kenneth T. Grant.*

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was convicted, contrary to his pleas, by a general court-martial composed of officer members of dereliction of duty, making a false official statement, and willfully suffering the loss of military property, in violation of Articles 92, 107, and 108, Uniform Code of Military Justice, 10 USC §§ 892, 907, and 908, respectively. He was sentenced to a bad-conduct discharge, partial forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence. The Court of Military Review modified the dereliction-of-duty specification to indicate that appellant "willfully failed to properly acquire light sticks and bayonets," unpub. op. at 4, deleting the finding of guilty as to the portion of the specification alleging failing to properly acquire public address speakers, public address amplifiers, a night vision scope, binoculars, parachutes, and radios. The remaining findings of guilty and the sentence were affirmed in an unpublished opinion dated July 31, 1991.

I. ISSUE

We granted review to consider:

WHETHER THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY AS TO CHARGE I, ALLEGING DERELICTION OF DUTY FOR FAILING TO PROPERLY ACQUIRE MILITARY PROPERTY, WHERE THE GOVERNMENT FAILED TO PRESENT EVIDENCE THAT APPELLANT HAD ANY DUTY TO ACQUIRE THE PROPERTY SPECIFIED.

## II. FACTS

Appellant was a reservist on active duty assigned to Company B, 319th Signal Battalion, and performed duties as the full-time unit support communications/electronics maintenance sergeant. Appellant was responsible for the maintenance of electronic equipment assigned to the company and had the authority to requisition parts and materials required for accomplishing that mission. Appellant was charged, *inter alia*, with willful dereliction in the performance of his duty to acquire properly specific military property. Due to the decision of the court below, our concern is only with appellant's actions with regard to acquiring chemical light sticks and bayonets. A handwriting expert testified that appellant receipted for 887 boxes of light sticks (night road markers) and 5 bayonets.

At trial, the Government offered evidence describing appellant's assigned duties as the unit's communications/ electronics maintenance sergeant. The sufficiency of this evidence is the crux of the issue before us. Only two government witnesses directly testified on the subject of whether appellant's assigned duties included property acquisition.

The Government's first witness, Chief Warrant Officer 4 (CW4) Ward, the battalion's property book officer, testified that he was aware of appellant's duties because: "The equipment that [appellant] would maintain is also property book items as well as his components." CW4 Ward testified that, although he was not responsible for communicating appellant's duties to him and was not appellant's "direct supervisor," he "gave him specific guidelines as well [sic] I did others in terms of requisitioning." CW4 Ward also testified that bayonets were not authorized for appellant's unit, and he described two incidents where he personally observed appellant bringing boxes of light sticks into bars after work and handing them out to the patrons.

The Government's second witness, Lieutenant Colonel Pomroy, appellant's battalion commander, testified that appellant's duties were as follows:

> The maintenance of the electronic equipment assigned to the company, the signal company, to include maintaining that equipment, supervising the personnel assigned to the communications/electronics section, actually repairing equipment within the scope of his echelon. This included the requisitioning of parts and materials required for that echelon of maintenance.

Lieutenant Colonel Pomroy also testified that appellant was allowed to order: "Basically those boards and assemblies allowed by the prescribed load list or PLL established for that company and allowed for the echelon of maintenance." Light sticks and bayonets were not maintenance parts and would have to "be ordered through the supply section."

## III. DISCUSSION

The elements of the offense of dereliction of duty are:

(a) That the accused had certain duties;

(b) That the accused had knowledge of the duties; and

(c) That the accused was (willfully) (through neglect or culpable inefficiency) derelict in the performance of those duties.

Para. 16b(3), Part IV, Manual for Courts-Martial, United States, 1984.

The specification of the charge alleging, as it reaches us, dereliction of duty reads as follows: "In that Sergeant First Class Don L. Tanksley, Jr., ..., having knowledge of his duties, was derelict in the per-

formance of those duties in that he willfully failed to properly acquire light sticks; bayonets; as it was his duty to do." Appellant asserts that there is no evidence that appellant had a duty to properly acquire any of the items specified under Charge I. We agree.

When a servicemember is tried for dereliction of duty, "the existence of the duty must be demonstrated by the evidence." Demonstrating a certain duty "is not too difficult." *United States v. Shelly,* 19 MJ 325, 328 (CMA 1985). Nevertheless, the duty must be demonstrated in the record. *See, e.g., United States v. Wilson,* 33 MJ 797, 798 n.1 (ACMR 1991). The duty "may be imposed by treaty, statute, regulation, lawful order, standard operating procedures, or custom of the service." *United States v. Dallman,* 34 MJ 274, 275 (CMA 1992) (quoting para. 16c(3)(a), Part IV).

The testimony of CW4 Ward and Lieutenant Colonel Pomroy demonstrate that appellant had a duty to acquire parts and materials necessary to maintain communication equipment. It was not established that appellant had a duty to acquire light sticks or bayonets properly, or indeed, at all.

We conclude that the court below should determine the effect of this error on the sentence.

## IV.  DECISION

The decision of the United States Army Court of Military Review is reversed as to Charge I and its specification and the sentence. The findings of guilty thereon are set aside and that Charge is dismissed. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for reassessment of the sentence based on the remaining findings of guilty.

Chief Judge SULLIVAN and Judges COX and GIERKE concur.

WISS, Judge (concurring):

I believe that the specification in issue here could fairly be read to allege that appellant did not follow proper requisition procedures in acquiring material and that his failure to follow proper procedures permitted him to acquire material to which he had no right. Thus, his dereliction of duty was his failure to follow proper requisition procedures, which it was his duty to follow.

Nonetheless, I acknowledge the majority's argument that recognizes a different meaning—a meaning that apparently both parties in this Court have given the specification. Accordingly, I am willing to concur in the opinion that disposes of the granted issue in light of that meaning.