# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant TIMOTHY M. MILLER
## United States Air Force

## ACM 38211

## 24 February 2014

Sentence adjudged 28 June 2012 by GCM convened at Cannon Air Force Base, New Mexico. Military Judge: Michael J. Coco.

Approved Sentence: Bad-conduct discharge, confinement for 5 months, reduction to E-2, and a reprimand.

Appellate Counsel for the Appellant: Captain Travis K. Ausland.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major John M. Simms; and Gerald R. Bruce, Esquire.

Before

ORR, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Judge:

A general court-martial composed of officer members convicted the appellant, contrary to his pleas, of dereliction of duty for willfully failing to refrain from providing alcohol to minors and for adultery in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. The court-martial sentenced him to a bad-conduct discharge, confinement for 5 months, reduction to E-2, and a reprimand. The convening authority approved the adjudged sentence.

On appeal, the appellant avers two issues: (1) His conviction for dereliction of duty for providing alcohol to "minors" is legally and factually insufficient as the

Government only proved that he provided alcohol to those over 18 years of age but under 21 years of age; and (2) His sentence is inappropriately severe. We disagree on both the issues and affirm the findings and approved sentence.

*Background*

The appellant was a staff sergeant (SSgt) with over eight years of service by the time of trial. He was assigned to the "ammo" flight of the maintenance squadron at Cannon Air Force Base, New Mexico. He was married to another airman, Senior Airman (SrA) JM[1], who was also assigned to ammo flight.

Airman First Class (A1C) CG[2] was 18 years old when she arrived at the ammo flight in November 2010 for her first assignment after basic training. The appellant was her first supervisor. He knew she was only 18 years old because she was the youngest person in ammo flight and "it was kind of a big deal." Beginning in January 2011, A1C CG went to the appellant's house almost every weekend for parties and to drink alcohol. The appellant and his wife would buy alcohol and provide it to everyone at the party. On occasion, A1C CG and other "underage" airmen would provide the appellant and his wife with money to buy alcohol which they would then place in their refrigerator for everyone's access. A1C CG, the appellant, and others would play drinking games to include beer pong and "waterfall." A1C CG drank alcohol in the appellant's presence to include beer, wine, Jagermeister, Four Loco, and other shots. On one occasion, A1C CG became upset and grabbed a chair to hit another partygoer in order to assert herself. The appellant stopped her by grabbing her and telling her she "wasn't going to do that at his house, and [she] wasn't going to get everyone in trouble and cause a scene." On another occasion, after playing "waterfall," A1C CG vomited in his bathroom and passed out due to the amount of alcohol she consumed. Later, the appellant helped her pull her pants on and get her out of the bathroom.

The appellant also hosted a lingerie birthday party in honor of his wife's birthday. A1C CG and other members of ammo flight attended. All the attendees were in lingerie and the men wore only boxer shorts. SrA JM suggested A1C CG and SrA SF[3] join her and her husband for a "foursome" that resulted in A1C CG engaging in sexual intercourse with the appellant while both SrA JM and SrA SF were in the room. SrA SF was also a member of ammo flight who was under the legal drinking age and regularly drank alcohol at the appellant's home. SrA JM later arranged for a "threesome" with her, A1C CG, and the appellant for his birthday. A1C CG again engaged in sexual intercourse with the appellant. During this entire timeframe, the appellant and SrA JM were married.

---

[1] By the time of the court-martial, Senior Airman (SrA) JM had been reduced in rank to Airman, divorced the appellant, and changed her last name. For the sake of clarity, we refer to her as SrA JM.
[2] By the time of the court-martial, Airman First Class (A1C) CG was no longer on active duty, had married, and changed her last name. For the sake of clarity, we refer to her as A1C CG.
[3] By the time of the court-martial, SrA SF was no longer on active duty.

A1C CG's view of the appellant as a noncommissioned officer (NCO) changed after her sexual encounters with him. She testified, "At that point, he wasn't Sergeant Miller, anymore; he was just 'Tim.' At work I would call him Tim. I didn't think to call him Sergeant Miller anymore." SrA JM testified about the sexual encounters with A1C CG, her, and the appellant, stating "It makes everybody look bad. It reflects on the flight. It makes it hard to work with each other knowing what happened." She continued, "People that knew about it – it would be really hard to respect an NCO and see him as a role model after knowing stuff like that. It breaks down, I guess, the supervisory role between the NCO and the airmen." SSgt RR also testified about the effect these events had on good order and discipline in the squadron, stating it was "horrible" and he "noticed a chain reaction basically, that the airmen began to question NCOs whenever they gave them an order."

Additional facts relevant to each section are addressed below.

*Factual and Legal Sufficiency*

The appellant argues his conviction for dereliction of duty by providing alcohol to minors is factually and legally insufficient because no evidence was introduced on the issue of "minors," and no legal definition was provided. Therefore, "minors" must only be defined as those under 18 years of age. We disagree.

Around October or November 2010, the appellant received a "one-way" conversation from his commander regarding an incident that involved a minor who drank alcohol while attending a party at his house. The commander told him, "As an NCO, his responsibilities are to look out for the young folks, ensure they're doing the right thing, and enforce standards. And in this case, not only did he not enforce standards, but – well, he contributed to – alcohol to minors." The commander clarified "it was [the appellant's] duty to not contribute to breaking the law." The appellant answered affirmatively that he understood his duties as an NCO.[4] Additionally, the topic was addressed at commander's calls that there was a duty not to provide alcohol to minors.

SSgt RR was assigned to the ammo flight and testified at the court-martial. SSgt RR agreed there was a duty not to provide alcohol to minors, and explained, "That's an Air Force standard. We're taught that from the moment we come in the Air Force."

---

[4] The letter of reprimand (LOR) was admitted during sentencing proceedings. The LOR stated in part, "You did, on 5 November 2010, host a party at your private residence, in which a minor possessed and consumed alcohol. Specifically, A1C [RM] consumed alcohol under the legal drinking age while in your private dwelling." In the appellant's response, he wrote, "Underage drinking shouldn't have occurred at my house or anywhere else for that matter. As a Staff Sergeant, It is my responsibility to guide and influence Airman in a positive direction as they are the future leaders of our Air Force."

SSgt RR also stated, "I think it's important for every Air Force member that's of legal age to not provide alcohol to anyone under the age of 21."

We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are . . . convinced of the [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt[]" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324. "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

Here, we have no doubt the appellant provided alcohol to those who were under 21 years of age and otherwise unable to legally buy or consume alcohol. We agree the military judge did not provide a definition of "minor" to the members. The military judge appropriately instructed the members that a military duty may be imposed by "standard operating procedure or custom of the service." *Manual for Courts-Martial, United States*, Part IV, ¶ 16.c.(3)(a) (2012 ed.); *See United States v. Tanksley*, 36 M.J. 428, 430 (C.M.A. 1993). Furthermore, to the extent military duties are not clearly assigned, "common sense and military custom help fill in the gaps." *United States v. Shelly*, 19 M.J. 325, 328 (C.M.A. 1985). Evidence must be presented at trial to prove the existence of a duty in order to satisfy the first element of an Article 92(3), UCMJ, 10 U.S.C. § 892(3) offense. *Tanksley*, 36 M.J. at 430.

This case is distinguishable from *United States v. Hayes*, 71 M.J. 112 (C.A.A.F. 2012) where our superior court held that a conviction for dereliction of duty for underage consumption of alcohol was not supported by the evidence on the record when the only evidence of a duty was state law. Here the record contains both direct and circumstantial evidence of the existence of a military duty not to provide alcohol to "minors" under the legal drinking age. SSgt RR specifically linked the concept of not providing alcohol to "minors" as a duty not to provide alcohol to those under 21 years of age. He also described it as a well-known Air Force standard. The appellant's commander also testified in findings that he had personally informed the appellant of his

duty as an NCO to not provide alcohol to minors and had emphasized that point by the imposition of a letter of reprimand for failing in the performance of that duty. The duty not to provide alcohol to minors was also addressed at commander's calls. In this case, we find there is ample evidence in the record to establish a military duty not to provide alcohol to minors under 21 years of age.

We are not persuaded by the appellant's argument that the term "minor" was not adequately defined at trial. Twice the appellant was asked if there were objections to the instructions or requests for additional instructions, and twice the answer was "no." Rule for Courts-Martial (R.C.M.) 920(f) states that, absent plain error, failure to object to an instruction or omission of an instruction at trial before the members close to deliberate constitutes waiver of the objection. By failing to object at trial regarding an instruction to explain or describe a "minor" in this case, the appellant waived the objection absent plain error. *See United States v. Taylor*, 26 M.J. 127, 128 (C.M.A. 1988)(noting that waiver under R.C.M. 920(f) specifically applies to instructions described in R.C.M. 920(e)(7) which includes explanations and descriptions). To be plain error: (1) There must be an error; (2) The error must be plain (clear or obvious); and (3) The error must affect the substantial rights of the appellant. *United States v. Powell*, 49 M.J. 460, 463 (1998). We hold there was no error, let alone plain error, and no prejudice to the appellant's substantial rights. We agree other offenses which use the term "minor" carry different age limits.[5] However, the evidence at this court-martial established a military duty to not provide alcohol to those under 21 years of age. The members had this evidence before them when deciding if the Government proved beyond a reasonable doubt that there was a military duty to refrain from providing alcohol to "minors" and whether the appellant violated this duty.[6]

Having weighed the evidence in the record of trial, with allowances for not having personally observed the witnesses, we are personally convinced of the appellant's guilt beyond a reasonable doubt of dereliction of duty for failing to refrain from providing alcohol to "minors." Similarly, we find a reasonable fact finder could have found all the essential elements beyond a reasonable doubt.

*Sentence Appropriateness*

This Court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006),

---

[5] With regards to child pornography, the term "minor" means any person under 18 years old. *Manual for Courts-Martial, United States*, Part IV, ¶ 68b.c.(4) (2012 ed.).

[6] We also note that the appellant in his unsworn statement acknowledged, "We are Airman 24/7 and I really let the Air Force down and I let all those [a]irmen down by allowing underage drinking in my home and modeling a behavior that is not okay."

employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (citations omitted). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial. *See United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd United States v. Bare*, 65 M.J. 35 (C.A.A.F. 2007). We have a great deal of discretion in determining whether a particular sentence is appropriate, *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999), but we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 395, 395-96 (C.M.A. 1988).

We have considered this appellant, the entire record of trial, the appellant's record of service, and the nature of the offenses. We note the appellant's commander testified at sentencing regarding the impact of the offenses of which the appellant had been convicted and described them as "degrad[ing] the mental readiness of personnel," disrupting the mission, and disrupting the mission readiness of the personnel. The appellant's provision of alcohol to members of his flight who were "minors" and his adulterous relationship with A1C CG had a demoralizing impact on his flight. There was a breakdown of the fundamental relationship and respect that should be accorded between junior airmen and noncommissioned officers. A1C CG was an 18-year-old airman at her first duty station. She should have been able to rely on her first supervisor to indoctrinate her in the customs and courtesies of the Air Force, to provide the on-the-job training in both the technical aspects of her mission, as well as to develop her into an effective airman. Instead the appellant abused his position of trust for his own selfish desires and wreaked havoc on both A1C CG and his entire flight. Based on the review of the entire record of trial, we have determined the approved sentence is appropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[7] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).

---

[7] The Court-Martial Order (CMO) contains a minor typographical error in that it states the sentence was adjudged by "office members" vice the correct "officer members." We have considered this clerical error and determined it is not prejudicial; however, we order a corrected CMO. Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38211