UNITED STATES, Appellee

v.

Joseph A. HAYES, Airman First Class
U.S. Air Force, Appellant

No. 12-0090

Crim. App. No. 37588

United States Court of Appeals for the Armed Forces

Argued February 13, 2012

Decided May 1, 2012


BAKER, C.J., delivered the opinion of the Court, in which ERDMANN,
STUCKY, and RYAN, JJ., and EFFRON, S.J., joined.


Counsel

For Appellant:  Captain Shane A. McCammon (argued).

For Appellee:  Major Jason M. Kellhofer (argued); Colonel Don M.
Christensen and Gerald R. Bruce, Esq. (on brief).

Military Judge:  William M. Burd


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Hayes, No. 12-0090/AF

Chief Judge BAKER delivered the opinion of the Court.

Appellant brings this appeal from a United States Air Force Court of Criminal Appeals (CCA) decision affirming his conviction for, among other things, violation of Article 92(3), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892(3) (2006), dereliction of duty in that he willfully failed to refrain from consuming alcohol while under the age of twenty-one in violation of Nevada state law.  Appellant petitioned this Court for review, and we granted review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN DENYING
> APPELLANT'S MOTION TO DISMISS FOR FAILURE TO STATE AN
> OFFENSE, WHERE THE SPECIFICATION OMITTED REFERENCE TO
> A REQUIRED ELEMENT UNDER STATE LAW FOR A FINDING OF
> GUILTY FOR CONSUMPTION OF ALCOHOL WHILE UNDER AGE 21.

For the reasons set out below, we hold that the conviction for a violation of Article 92(3), UCMJ, dereliction of duty, is legally insufficient.  The Government failed to establish through competent evidence that there was a specific military duty, under Article 92(3), UCMJ, to either obey state laws in general, or, more specifically, the Nevada state law concerning consumption of alcohol by persons under the age of twenty-one.

BACKGROUND

At the time of the offense in question, Appellant was nineteen years old.  In 2008 and 2009, Appellant was involved in a number of drug-related offenses.  On July 11, 2008, Appellant, while in the company of several other servicemembers, attended a

2

party at the Luxor Hotel in Las Vegas, Nevada. While in the

hotel room, Appellant was seen consuming alcoholic beverages.

Appellant and the other partygoers then moved to the casino

floor, where Appellant was again seen consuming alcoholic

beverages. Appellant was subsequently charged with dereliction

of duty under Article 92(3), UCMJ. The specification included

the following language:

> In that [Appellant], who knew of his duties at or near
> Las Vegas, Nevada . . . was derelict in the
> performance of those duties in that he willfully
> failed to refrain from drinking alcohol while under
> the age of 21, as it was his duty to do.

At trial, Appellant moved to dismiss this specification for

failure to state an offense, noting that Nevada state law

prohibited only the public consumption of alcohol by persons

under the age of 21 in certain circumstances. According to

Appellant, "pursuant to the state law, he had no military duty

from consuming alcohol in a non-public place while under the age

of 21."[1] The military judge denied the motion, and the trial

proceeded. In accordance with his plea, Appellant was convicted

of one specification of use of marijuana, and, contrary to his

pleas, was convicted of multiple specifications of distribution

of marijuana and cocaine, all in violation of Article 112a,

---

[1] The relevant Nevada statute states: "Any person under 21 . . .
who consumes any alcoholic beverage in any saloon, resort or
premises where spirituous, malt or fermented liquors or wines
are sold is guilty of a misdemeanor." Nev. Rev. Stat. § 202.020
(2011).

UCMJ, 10 U.S.C. § 912a (2006), as well as the specification of dereliction of duty for consuming alcohol under the age of twenty-one.  He was sentenced to two years confinement, forfeiture of all pay and allowances, reduction in rank to E-1, and a bad-conduct discharge.  The convening authority approved the sentence as adjudged, and the CCA affirmed.  United States v. Hayes, 2011 CCA LEXIS 305, at *7-*8, 2011 WL 6004523, at *3 (A.F. Ct. Crim. App. Aug. 15, 2011) (unpublished).

## ANALYSIS

Appellant argues before this Court that the specification failed to state an offense because it did not expressly or by necessary implication allege that Appellant consumed alcohol in a location prohibited by Nevada state law.  However, we need not reach the question whether the specification, as worded, put Appellant on notice as to what he would be required to defend against in the context of an Article 92(3), UCMJ, offense based on a violation of state law, because the Government never proved that Appellant had a military duty to follow Nevada's law, whatever that specific law provided.

The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all of the essential elements beyond a reasonable doubt."  United States v. Turner,

United States v. Hayes, No. 12-0090/AF

25 M.J. 324, 324 (C.M.A. 1987) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The elements of Article 92(3), UCMJ, are as follows:

(a)  That the accused had certain duties;

(b)  That the accused knew or reasonably should have known of the duties;

(c)  That the accused was (willfully) (through neglect or culpable inefficiency) derelict in the performance of those duties.

Manual For Courts-Martial, United States pt. IV, para. 16.b.(3) (2008 ed.) (MCM).

Article 92(3), UCMJ, requires the existence of a duty.[2]  The MCM states that the duty "may be imposed by treaty, statute, regulation, lawful order, standard operating procedure, or custom of the service."  MCM pt. IV, para. 16.c.(3)(a).  It is uncontested that consuming alcohol in any saloon, resort, or place where alcohol is sold while under the age of twenty-one is a violation of Nevada state law.  However, even viewed in the light most favorable to the prosecution, there is insufficient

---

[2] The various iterations of the MCM beginning in 1951 and culminating in the current 2008 version list examples of conduct to illustrate the limits of Article 92(3), UCMJ.  All of the examples listed constitute military-specific duties.  See, e.g., MCM para. 171c (1951 ed.); MCM para. 171c (1969 ed.); MCM pt. IV, para. 16.c.(3)(d).  A review of our jurisprudence uncovered no example of this Court affirming a conviction for dereliction of duty imposed by state law alone.  See United States v. Shavrnoch, 49 M.J. 334, 339 (C.A.A.F. 1998) (accused guilty of dereliction of duty for under-age drinking based on an Air Force regulation); United States v. Bivins, 49 M.J. 328, 332 (C.A.A.F. 1998).

evidence in the record for any rational trier of fact to conclude, for the purposes of Article 92(3), UCMJ, that Appellant had a military duty to obey Nevada state law generally.[3]

The issue of a military duty was discussed briefly during a colloquy between the trial counsel and the military judge:

> MJ:  What's the source of the duty to refrain from drinking?
>
> TC:  The duty to refrain from drinking is the Nevada law which says that any person under the age of 21 who consumes alcohol in a saloon, or resort, or place where alcohol is sold is guilty of a misdemeanor.  So that would be the duty that he would have to refrain from:  consuming alcohol in a resort that's open to the public.  That's the duty.
>
> . . . .
>
> MJ:  Now, trial counsel, what is the source of the military member's duty to comply with state law?
>
> TC:  The duty would be that he is under the jurisdiction of the state.  I mean, if it were -- if there were no regulation --
>
> MJ:  Is that a custom of the service?
>
> TC:  Yes, your honor.
>
> MJ:  I agree.

This colloquy took place during litigation of the motion to dismiss.  This was the only time during the course of the trial

---

[3] This seems particularly so since many violations of state law can be prosecuted under Article 134, UCMJ, 10 U.S.C. § 934 (2006), through the federal Assimilative Crimes Act, 18 U.S.C. § 13 (2006), assuming at least concurrent federal jurisdiction over the situs of the offense.

United States v. Hayes, No. 12-0090/AF

that the source of the military duty to obey state law was raised. The problem here is that argument by trial counsel or statements by the military judge are not evidence. There is no evidence in the record, and the Government points to none on appeal, to support the proposition that Appellant was bound by a military duty, stemming from a custom of the service and subject to sanction under Article 92(3), UCMJ, to obey Nevada's alcohol law, or in the alternative, all state laws in Nevada -- an obligation imposed on all citizens within the state.[4] Cf. United States v. Pacheco, 56 M.J. 1, 3 (C.A.A.F. 2001) (noting that evidence presented at trial was required to prove the existence of a duty and satisfy the first element of an Article 92(3), UCMJ, offense); United States v. Tanksley, 36 M.J. 428, 430 (C.M.A. 1993) ("When a servicemember is tried for dereliction of duty, 'the existence of the duty must be demonstrated by the evidence.'" (citing United States v. Shelly, 19 M.J. 325, 328 (C.M.A. 1985))). In short, Article 92(3), UCMJ, requires proof

---

[4] Taken to its logical conclusion, this proposition implies that willful violation of a posted speed limit could result in a military servicemember's conviction under Article 92(3), UCMJ, and exposure to a sentence of six months of confinement, forfeiture of pay and allowances, and a bad-conduct discharge. MCM pt. IV, para. 16.e.(3)(b). Moreover, such a blanket assertion does not account for those circumstances where federal law may conflict with state law. It is also worth noting that the maximum penalty for a violation of Article 134, UCMJ, for disorderly conduct and/or drunkenness, is three months of confinement and forfeiture of two-thirds pay for three months, with no punitive discharge. MCM pt. IV, para. 73.e.(3)(c).

of certain military duties, it does not assume such duties.  We, thus, conclude the evidence is insufficient as a matter of law.

CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Charge I and the specification thereunder and they are dismissed.  The remaining findings and the sentence are affirmed.[5]

---

[5] While affirming Appellant's Article 92(3), UCMJ, conviction, the CCA alternatively assumed arguendo that the specification failed to state an offense and reassessed the sentence on that basis.  Hayes, 2011 CCA LEXIS 305, at *5, 2011 WL 6004523, at *2.  Since the CCA did not err in doing so, we affirm the sentence as approved and affirmed.