# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Airman CHRISTOPHER J. MARTIN
### United States Air Force

### ACM S32035 (recon)

### 05 August 2014

Sentence adjudged 1 February 2012 by SPCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: W. Shane Cohen.

Approved sentence: Bad-conduct discharge and reduction to E-1.

Appellate Counsel for the Appellant: Major Matthew T. King; Captain Travis K. Ausland; Captain Michael A. Schrama; and Dwight H. Sullivan, Esquire.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Brian C. Mason; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

ALLRED, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

At a special court-martial composed of officer members, the appellant was found guilty, in accordance with his pleas, of willfully disobeying a lawful order, dereliction of duty, and driving a motor vehicle while drunk, in violation of Articles 90, 92, and 111, UCMJ, 10 U.S.C. §§ 890, 892, 911. The court sentenced him to a bad-conduct discharge and reduction to E-1. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq.*," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was originally before us, the appellant challenged the providence of his plea of guilty to dereliction of duty.

On 9 August 2013, we affirmed the approved findings and sentence in the appellant's case.[1] *United States v. Martin*, ACM 38107 (A.F. Ct. Crim. App. 9 August 2013) (unpub. op.). The appellant moved this Court to vacate its decision, asserting, on the basis of Mr. Soybel's participation, that the case was decided by an improperly constituted panel. The appellant also filed a petition for grant of review with our superior court. On 31 October 2013, our superior court converted the appellant's motion to vacate, pending before this Court, into a motion for reconsideration, and dismissed the appellant's petition for grant of review without prejudice. On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2013), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the appellant's motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. In addition to the earlier raised issue that his plea was not provident, the appellant asserts he is entitled to relief due to unreasonable appellate delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm.

---

[1] After the appointment of Mr. Lawrence Soybel by the Secretary of Defense on 25 June 2013, this Court sua sponte reconsidered its 2 May 2013 opinion and issued a new opinion on 9 August 2013. The panels had identical members.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In reviewing the providence of Appellant's guilty pleas, we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it." *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007). A military judge abuses this discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providency inquiry. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). This is an area in which the military judge is entitled to much deference. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F 2008).

Our reviewing standard for determining if a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *Id*.; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). At trial, the military judge must (1) ensure the accused understands the facts that support his guilty plea ("what" he did); (2) be satisfied the accused understands the law applicable to his acts ("why" he is guilty); and (3) be satisfied the appellant actually is guilty. *See United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *Care*, 40 C.M.R. 250–51); *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002).

During the appellant's plea inquiry, the military judge explained the elements of the dereliction of duty offense as follows:

> One, that you had a certain prescribed duty; that is: to refrain from drinking alcoholic beverages while under the age of 21 years; Two, that you actually knew of the assigned duty; and Three . . . you were derelict in the performance of that duty, by drinking alcoholic beverages while under the age of 21.

The military judge told the appellant, "A duty may be imposed by regulation, lawful order, or a custom of the service," and the appellant said he understood. The appellant agreed "the military follow[s] the law of the . . . state where [the member is] residing with respect to [the] drinking age." The appellant also said he knew the drinking age in the state was 21 years, and, as a military member, he had a duty to obey that law while he was stationed in Arizona.

After discussing with the appellant the type of drinks and number of times he drank alcohol, the military judge asked again if the appellant admitted that he had a prescribed duty to refrain from drinking alcohol while under 21 years of age and that he knew of this duty. The appellant admitted this was true. The military judge then asked the appellant to state in his own words what he did to "violate that duty." The appellant replied that he drank alcohol when he was 19 years old and stated, "As a military

member, I understand that I have a duty not to drink alcohol if I'm under the age of 21 and stationed in the United States."

The appellant argues that his plea of guilty to the specification and charge of dereliction of duty for underage drinking was improvident based on the case of *United States v. Hayes*, 71 M.J. 112 (C.A.A.F. 2012), which was published after the appellant's trial.

In *Hayes*, the accused pled not guilty to a charge of dereliction of duty by consuming alcoholic beverages while under the age of 21. The issue in that case was the sufficiency of the evidence presented by the Government at trial and used to support the finding of guilty. *Id.* The Court stated:

> Article 92(3), UCMJ, requires the existence of a duty. The [*Manual for Courts-Martial, United States* (*MCM*) (2008 ed.)] states that the duty "may be imposed by treaty, statute, regulation, lawful order, standard operating procedure, or custom of the service." [*MCM*, Part. IV, ¶ 16.c.(3)(a)]. It is uncontested that consuming alcohol in any saloon, resort, or place where alcohol is sold while under the age of twenty-one is a violation of Nevada state law. However, even viewed in the light most favorable to the prosecution, there is insufficient evidence in the record for any rational trier of fact to conclude, for the purposes of Article 92(3), UCMJ, that Appellant had a military duty to obey Nevada state law generally.

*Id.* at 114 (footnotes omitted). The *Hayes* Court found the proof to be insufficient:

> There is no evidence in the record, and the Government points to none on appeal, to support the proposition that Appellant was bound by a military duty . . . and subject to sanction under Article 92(3), UCMJ, to obey Nevada's alcohol law, or in the alternative, all state laws in Nevada—an obligation imposed on all citizens within the state. . . . In short, Article 92(3), UCMJ, requires proof of certain military duties, it does not assume such duties. We, thus, conclude the evidence is insufficient as a matter of law.

*Id.* at 114–15 (internal citations and footnote omitted).

The crux of the appellant's argument is that "nothing established a military duty to obey state law governing the minimum drinking age." Specifically, he argues that "nothing established the source of" the duty not to drink while underage. He also argues that, like *Hayes,* there was no proof of any military duty, merely an assumption that a duty existed.

While it is true the military judge never asked the appellant whether he knew the duty was imposed by regulation, lawful order, or custom of the service, that type of detail is not necessary for a provident plea. It is enough that an accused recognize that a military duty existed and he was derelict in the performance of that duty by drinking alcoholic beverages while under the age of 21. *Cf. Carr*, 65 M.J. at 41 (The *Care* inquiry only had to establish that the accused generally lacked training and qualifications to administer gynecological exams and did not have to detail "how his actual skills were inferior to those of a real physician, and to confirm that they were.").

Importantly, the appellant's admissions and statements went much further in this case than the proof did in the *Hayes* case, where the Government only proved what the state drinking age was, without any evidence the accused had a military duty to obey it. Essentially, in *Hayes*, the appellant was found guilty merely on the proof that would be needed to show a violation of the state drinking age. There was no proof of a violation of any independent military duty. Here, the appellant admitted a military duty existed; there was no omission of this issue during the *Care* inquiry nor was there the mere assumption of a military duty as occurred in *Hayes*.

We believe this case is further distinguishable from the *Hayes* case. The legal standards applicable to the Government in *Hayes* to sufficiently prove every element of an offense in a contested case are vastly different than a judge's obligation to ensure that an accused understands the law and the facts during his own guilty plea. The two are not comparable. Accordingly, we find no "substantial basis" in law or fact for questioning the guilty plea. *See Prater*, 32 M.J. at 436

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *See id.* at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was docketed for appeal on 2 April 2012, and this Court rendered a decision on 9 August 2013, within the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we

have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression, namely, whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

AFFIRMED.

Senior Judge HARNEY participated in this decision prior to her retirement.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[2] U.S. CONST. art. II, § 2, cl. 2.