# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman NICHOLAS T. WALSH
### United States Air Force

### ACM S32250

### 16 April 2015

Sentence adjudged 20 May 2014 by SPCM convened at Hill Air Force Base, Utah. Military Judge: Grant L. Kratz.

Approved Sentence: Bad-conduct discharge and reduction to E-1.

Appellate Counsel for the Appellant: None.[1]

Appellate Counsel for the United States: None.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

The appellant pled guilty at a special court-martial to one specification of dereliction of duty for providing alcohol to a minor, and one specification of wrongfully using 3,4-methylenedioxymethamphetamine (MDMA) on divers occasions, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a.[2] A panel of officer members

---

[1] The appellant indicated in writing that he did not want the representation of appellate counsel on two occasions, once after sentence was announced, and again, after action was taken.

[2] Pursuant to a pretrial agreement, the government dismissed a specification alleging the appellant was derelict in the performance of his duties by willfully failing to register a privately-owned firearm stored at his on-base residence.

sentenced the appellant to a bad-conduct discharge and reduction to E-1. The convening authority approved the sentence as adjudged.[3]

The appellant participated in a drug ring on Hill Air Force Base. He provided alcohol to an Airman under the age of 21 years old, and used MDMA at least 10 to 15 times throughout 2013 with a group of Airmen and civilians at "rave" parties.

The record of trial contains two Air Force (AF) Form 304s, *Request for Appellate Defense Counsel*, signed by the appellant. The appellant signed the first AF Form 304 on the date his sentence was announced, and the second after the convening authority took action in his case. On both forms, he indicated he did not wish to have appellate defense counsel represent him. As a result, the Air Force Appellate Defense Division has not assigned counsel to represent the appellant. The appellant, however, has not waived appellate review of his case.

This court contacted the appellant's trial defense counsel to inquire whether the appellant wished to personally raise any issues for this court's consideration. The appellant's trial defense counsel contacted the appellant and subsequently relayed that the appellant did not desire to bring any issues to this court's attention.

Under Article 70(c), 10 U.S.C. § 870(c), and Rule for Courts-Martial 1202(b)(2), appellate defense counsel are to represent an appellant in cases before this court when requested by the accused, or in other situations not applicable here.[4] The appellant properly waived his right to appellate counsel both on the date his sentence was announced and after the convening authority took action. *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 11.1 (25 September 2014). We therefore find that the appellant has effectively waived his right to be represented in this appeal by counsel, and that the proper course of action is to conduct a review of the record under Article 66, UCMJ, 10 U.S.C. § 866, without the benefit of a brief from the appellant. *Cf. United States v. Roach*, 66 M.J. 410, 418 (C.A.A.F. 2008) (stressing the importance of receiving a brief from appellate defense counsel, but doing so in the context of a case where "an appellant has requested representation that does not appear to be forthcoming").

We have carefully reviewed the record of trial and find no grounds to disturb the conviction or sentence. We particularly considered the providence of the appellant's guilty plea for providing alcohol to a minor in light of *United States v. Hayes*, 71 M.J. 112 (C.A.A.F. 2012). In that case, the court held that a conviction for dereliction of duty for underage consumption of alcohol was not supported when the only evidence in the

---

[3] As noted in this opinion, we have ordered promulgation of a corrected court-martial order.

[4] One situation requiring appellate defense counsel to represent an appellant before this court occurs when the United States is represented by counsel. No appellate government attorneys have entered appearances in this case on behalf of the United States.

record of a duty was state law prohibiting the consumption of alcohol under the age of 21. *Id.* at 115. The court held that the record contained insufficient evidence to establish that the appellant had a duty to obey the state law. *Id.* at 114. Here, the appellant specifically admitted he had been instructed about his duty to obey state law prohibiting serving alcohol to a person under the age of 21 years old. He also stated that the duty was imposed not only by state law, but by an Air Force instruction. A stipulation of fact confirmed these points. The appellant's guilty plea was provident.

We also note two issues with the post-trial processing of this case. The staff judge advocate's recommendation stated that the pretrial agreement limited confinement to 3 months. Actually, the agreement stated that the convening authority would suspend any adjudged period of confinement in excess of 3 months, provided he testified against other Airmen. However, we find no "colorable showing of possible prejudice" from this error, particularly when no confinement was adjudged and the pretrial agreement was attached to the staff judge advocate's recommendation. *See United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005). In addition, the appellant was arraigned on two specifications of dereliction of duty. Pursuant to the pretrial agreement, the appellant pled not guilty to the second specification, and the convening authority dismissed the second specification after the military judge accepted the appellant's guilty plea. The court-martial order improperly omits reference to the second dereliction of duty specification. A court-martial order should list all charges and specifications on which the accused was arraigned. AFI 51-201, ¶ 10.8.2.2. We order promulgation of a corrected court-martial order.[5]

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[5] The military judge is also missing from the distribution list for the court-martial order.