# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class FRANKLYN J. FRIAS
### United States Air Force

### ACM S32219

### 3 June 2015

Sentence adjudged 28 January 2014 by SPCM convened at Altus Air Force Base, Oklahoma. Military Judge: Todd E. McDowell (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 4 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Johnathan D. Legg.

Appellate Counsel for the United States: Captain Richard J. Schrider and Gerald R. Bruce, Esquire.

Before

HECKER, SARAGOSA, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SARAGOSA, Judge:

A special court-martial, composed of a military judge alone, convicted the appellant, contrary to his pleas, of conspiracy to commit an offense under the UCMJ, three specifications of dereliction of duty, three specifications of making a false official statement, and obstruction of justice, in violation of Articles 81, 92, 107, and 134, UCMJ, 10 U.S.C. §§ 881, 892, 907, 934. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 4 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, the appellant argues (1) the military judge's exception of the "on divers occasions" language in several specifications and failure to specify a specific occasion as part of the findings renders this court unable to perform a factual sufficiency review due to ambiguity in the verdict, (2) the findings are legally and factually insufficient, (3) the military judge erred in taking judicial notice of an Air Force Regulation, (4) one of the dereliction specifications is void for vagueness, (5) his sentence was inappropriately severe and disparate to the sentences of other Airmen involved, and (6) the court should set aside the findings as the convening authority's action failed to approve the findings.[1]

*Background*

While visiting a local Walmart, the appellant met GB, an employee, and got her phone number. Several days later he invited her and her friends to hang out. GB informed the appellant that she was 16 years old and that her friends were about the same age. The appellant picked up the three girls and brought them on base where they stopped at the base Shoppette to purchase alcohol. The appellant went into the store and purchased at least one bottle of vodka, as requested by the girls.

Ultimately, the appellant, the three girls, and two of the appellant's male friends, Airman First Class (A1C) MP and A1C JD, drove to an off-base party. Two of the girls, VG and MM, drank alcohol at the party, including beer and mixed drinks. At least one of the girls remembers drinking the vodka that the appellant had purchased for them. After the party, the appellant took GB home and took her two friends back to base and into the dormitory complex. MM was discovered by security police on an exterior stairwell, unaccompanied and intoxicated. She was worried about her cousin VG. The appellant approached and assisted the security police by directing them to the dormitory room of another Airman. Ultimately, VG was located inside that dormitory room, disheveled and getting dressed. For this course of events, the appellant was convicted of three specifications of dereliction of duty for providing alcohol to a minor, bringing minors into the dormitory area, and failing to escort his guests in the dormitory area.

During the investigation, the appellant provided two signed sworn statements on an Air Force Information Management Tool (IMT) 1168 in which he stated: (1) VG and MM told him they were 18 years old, (2) VG and MM were never inside a dormitory, and (3) he did not provide alcohol to anyone under the age of 21. He further told security police that he met VG and MM for the first time at Walmart and neither the girls nor A1C MP went to the party with him that night. For this, the appellant was convicted of three specifications of making a false official statement.

Furthermore, the appellant entered into an agreement with A1C MP to lie about

---

[1] The appellant asserted this final error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

A1C MP being with him and the underage girls the night of the party. Later, A1C MP acted on this agreement and provided that false statement to investigators. For this misconduct, the appellant was convicted of conspiracy and obstruction of justice.

*Exception of the Phrase "on divers occasions" in Findings*

The military judge entered a finding of guilty to the conspiracy and obstruction of justice charges but excepted the words "on divers occasions" from both specifications. No further special findings or clarifications were made. The appellant argues the finding should be set aside. We disagree.

When the phrase "on divers occasions" is removed from a specification, the effect is "that the accused has been found guilty of misconduct on a single occasion and not guilty of the remaining occasions." *United States v. Augspurger*, 61 M.J. 189, 190 (C.A.A.F. 2005). "If there is no indication on the record which of the alleged incidents forms that basis of the conviction, then the findings of guilty are ambiguous and [this court] cannot perform a factual sufficiency review." *United States v. Wilson*, 67 M.J. 423, 428 (C.A.A.F. 2009) (citing *United States v. Walters*, 58 M.J. 391, 396–97 (C.A.A.F. 2003)). Without a clear statement on the record by the military judge or substituted language that would identify what conduct served as the basis for the findings, any factual sufficiency review creates the possibility that the court would affirm a finding of guilt based on an incident of which the appellant had been acquitted by the factfinder at trial. *Id.* Likewise, the reviewing court may not independently conclude which occasion was the basis for the conviction and then perform a factual sufficiency review on that conclusion. *Augspurger*, 61 M.J. at 192–93.

In limited circumstances, however, "a Court of Criminal Appeals may review the record to determine if there is only a single possible incident that meets all the details of the specification for which the appellant was convicted." *Wilson*, 67 M.J. at 429 (clarifying the holding in *United States v. Scheurer*, 62 M.J. 100, 111–12 (C.A.A.F. 2005)). A complete review of the record in this case leaves us firmly convinced that while the government charged both the conspiracy and the obstruction of justice offenses as occurring on divers occasions, the evidence revealed only a single possible incident that meets all the details found in each specification.

The specification of the conspiracy charge alleged the appellant:

> Did, at or near Altus Air Force Base, Oklahoma, on divers occasions between on or about 7 September 2013 and on or about 17 January 2014, conspire with Airman First Class [MP] to commit an offense under the Uniform Code of Military Justice, to wit: obstruction of justice, and in order to effect the object of the conspiracy [the appellant] and Airman

First Class [MP] did provide false statements to investigators.

The obstruction of justice charge alleged the appellant:

> Did, at or near Altus Air Force Base, Oklahoma, on divers occasions between on or about 7 September 2013 and on or about 17 January 2014, wrongfully endeavor to impede an investigation by encouraging Airman First Class [MP], whom [the appellant] had reason to believe would be called upon to provide evidence as a witness, to provide false statements to investigators in the case of [the appellant] against whom [the appellant] had reason to believe there would be criminal proceedings pending; that the acts were done with the intent to impede the due administration of justice; and that under the circumstances, the conduct of the [the appellant] was prejudicial to good order and discipline.

The evidence in the record of trial in this case falls within the limited area covered by the decision in *Scheurer*. The evidence of the agreement alleged in the conspiracy specification as well as the encouragement to provide false statements to the investigators contained within the obstruction of justice specification comes solely from the testimony of A1C MP. Despite the government's use of "divers occasions" in the specifications, the evidence unequivocally reveals only a single possible incident that meets all the details for each specification.

A1C MP was clear in his testimony that there was only a single meeting between him, the appellant, and A1C JD in which there were discussions about "getting [their] facts and stories straight." This occurred a week or two after the off-base party and dormitory incident. It was in this one conversation that the three entered into the agreement alleged in the conspiracy specification. Likewise, it was in this same singular conversation that the appellant encouraged A1C MP to provide the false statements to the investigators. While A1C MP testified about a conversation the three individuals had the morning after the off-base party and dormitory incident, A1C MP was unequivocal when he testified that this conversation did *not* include discussions "about what [he was] supposed to say if [he was] ever interviewed about that night."

Accordingly, we find no ambiguity in the military judge's findings and we conduct our factual sufficiency review on those facts.

*Legal and Factual Sufficiency*

We review issues of factual and legal sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The

test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the appellant's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). "The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *Turner*, 25 M.J. at 324) (internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

Viewing the evidence in the light most favorable to the government, we are convinced a rational factfinder could find beyond a reasonable doubt the appellant was guilty of all charges and specifications. Upon our own review of the evidence in the record of trial, we are personally convinced of the appellant's guilt beyond a reasonable doubt.

*Judicial Notice and Vagueness*

The appellant asserts that the military judge erred in taking judicial notice of Air Force Instruction (AFI) 1-1, *Air Force Standards* (7 August 2012), based on its purported lack of relevance. He asks us to set aside the finding of guilt for the specification alleging a dereliction of duty for providing alcohol to a minor. The basis for this assertion of error is that the specification is void for vagueness as applied in this case. As these two arguments are intertwined, we will take them up together.

The appellant was charged under Article 92(3), UCMJ, with dereliction of duty for providing alcohol to minors:

> In that [the appellant] who knew of his duties at or near Altus Air Force Base, Oklahoma, . . . was derelict in the performance of those duties in that he willfully failed to refrain from providing alcoholic beverages to minors under the age of 21, as it was his duty to do.

"Article 92(3), UCMJ, requires proof of certain military duties." *United States v. Hayes*, 71 M.J. 112 (C.A.A.F. 2012). The *Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 16.c.(3)(a) (2012 ed.), states that the duty "may be imposed by treaty, statute, regulation, lawful order, standard operating procedure, or custom of the service." To withstand a challenge on vagueness grounds, a regulation must provide sufficient notice so that a servicemember can reasonably understand that his conduct is proscribed. *United States v. Moore*, 58 M.J. 466, 469 (C.A.A.F. 2003); *see also United States v. Vaughan*, 58 M.J. 29, 31 (C.A.A.F. 2003) ("Due process requires 'fair notice' that an act

is forbidden and subject to criminal sanction.") (quoting *United States v. Bivins*, 49 M.J. 328, 330 (C.A.A.F. 1998)).  Sources of fair notice include state law and military regulations.  *United States v. Pope*, 63 M.J. 68, 73 (C.A.A.F. 2003).

A review of the record reveals the government introduced, via a request for judicial notice and over defense objection, evidence of the following instructions and statutes:

1.  AFI 1-1, ¶ 2.7,[2] which states, in part:

> Air Force policy is to prevent alcohol abuse and alcoholism among its personnel and their dependents . . . .  You are responsible for exercising good judgment in the use of alcohol.  State and foreign country drinking age laws, including those in a deployed environment, must be obeyed both on and off-duty.  Your use of alcohol must not adversely affect your duty performance or your conduct on or off duty . . . .

2.  AFI 34-219, *Alcoholic Beverage Program*, ¶ 1.3.3 (17 October 2007, incorporating change 1 (7 February 2008)), which states: "Adults may not provide alcoholic beverages to minors except in accordance with applicable state laws."  This AFI specifies that failure to comply with Paragraph 1.3.3 is a violation of Article 92, UCMJ.

3.  Section 537 of Title 37 of the Oklahoma Statutes prohibits any person from "knowingly sell[ing], deliver[ing], or furnish[ing] alcoholic beverages to any person under twenty-one (21) years of age."

The military judge took judicial notice of these materials pursuant to Mil. R. Evid. 201A, finding them relevant to the issue of whether the appellant had a duty to refrain from providing alcohol to minors.

The appellant concedes that the provisions of Article 92(3), UCMJ, are facially constitutional.  The heart of his argument is that the instructions were too vague to provide him with fair notice as to what specific types of conduct would be prohibited.  The appellant contends the duty set forth in AFI 1-1 and relied upon by the government is unconstitutionally vague.  He also argues the military judge's decision to take judicial notice of this AFI was error because, in his view, the AFI refers to a military member's

---

[2] In its introductory paragraph, Air Force Instruction (AFI) 1-1, *Air Force Standards* (7 August 2012), specifies that it is directive in nature and that failure to adhere to its standards can form the basis for adverse action under the UCMJ, including a dereliction of duty under Article 92, UCMJ, 10 U.S.C. § 892.

personal consumption of alcohol, and thus was not relevant to the specification in this case.

"We will review a military judge's decision to take judicial notice for an abuse of discretion." *United States v. Lutes*, 72 M.J. 530, 532 (A.F. Ct. Crim. App. 2013). As this evidence was directly relevant to the issue of whether or not a duty existed to refrain from providing a minor with alcohol, there was no error by the military judge in taking judicial notice of the above regulations and statutes. Moreover, even if there may be some argument that, by itself, AFI 1-1 was not clear enough as to what drinking laws must be obeyed and whether this provision of the AFI extended to providing minors with alcohol, this would merely impact the weight the military judge chose to give such evidence, rather than its admissibility. In such case, there would still be no error. Finally, even if it was error to take judicial notice of AFI 1-1, given the clarity and specificity provided in AFI 34-219 and OKLA. STAT. ANN. tit. 37 § 537, we find any such potential error to be harmless beyond a reasonable doubt.

We review de novo whether a regulation is facially vague or over-broad. *See United States v. Caporale*, 73 M.J. 501, 504 (A.F. Ct. Crim. App. 2013) (citing *United States v. Hughey*, 46 M.J. 152, 154 (C.A.A.F. 1997)). Here, the evidence as a whole establishes clear guidelines that an adult may not provide a minor with an alcoholic beverage. The instructions are not vague, clearly define the prohibited conduct, and provided the appellant with fair notice of such prohibited conduct. As such, the void for vagueness argument fails and no relief is warranted.

*Sentence Severity/Disparity*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In exercising sentence appropriateness review, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). An

appellant bears the burden of demonstrating that any cited cases are "closely related" to the appellant's case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* If the appellant meets his or her burden to demonstrate closely related cases involve highly disparate sentences, the government "must show that there is a rational basis for the disparity." *Id.*

After review of the appellant's case and the information provided regarding the sentences of others involved in the events of 7 September 2013, we find the facts of the appellant's conduct and the facts surrounding the conduct of the other Airmen render the cases related, but not "closely related." We further find that even if they were considered by this court to be "closely related" and their sentences "highly disparate," there are many good and cogent reasons in the record of trial to explain the disparity. *See Sothen*, 54 M.J. 294.

Here, the appellant was the principal actor for all events of the night in question: (1) the appellant initiated the contact with the first minor female; (2) he requested the minor female to bring her friends; (3) he drove to pick up the minor females and drove them on base; (4) he purchased the alcohol for their consumption; (5) he drove the minor females to the off-base party; (6) it was the appellant who provided the access to the alcohol and furnished the bottle of vodka for the girls; (7) the appellant drove two of the three minor females back to the base after they requested to go home; (8) he escorted the two minor females into the dormitory; (9) knowing the two minor females were intoxicated, the appellant left them unescorted in the dormitory; (10) the offenses for which the other Airmen were convicted were substantially less serious than the appellant's convictions.

For all of these reasons, we find the sentence is not inappropriately severe and no remedial action is warranted.

*Action*

The appellant in this case asks us to consider the legal effect on findings that flow from a convening authority's action affirming the sentence as adjudged without mentioning the findings. *See* Article 60(c)(2), (c)(3), UCMJ, 10 USC § 860(c)(2), (c)(3); Rule for Courts-Martial 1107(c). The appellant argues that the clear and unambiguous language of the convening authority's action which omits reference to approving the findings runs afoul of our superior court's ruling in *United States v. Wilson*, 65 M.J. 141, and must be set aside. We disagree.

In *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994), our superior court held that "in the absence of contrary evidence, a convening authority who does not expressly address findings in the action impliedly acts in reliance on the statutorily required recommendation of the [staff judge advocate], . . . and thus effectively purports to approve implicitly the findings as reported to the convening authority by the [staff judge advocate]." The facts of *Wilson* are distinguishable as the action in that case failed to render a statement that the dishonorable discharge was approved.

We find the action of the convening authority in this case implicitly approved the findings as reported by the staff judge advocate's recommendation.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

9                                                                    ACM S32219